IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S.K. YOUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. C 10-4278 LHK (PR)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND |

　　　　Plaintiff, proceeding *pro se*, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the State of California and its governor. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, Plaintiff's complaint is DISMISSED with leave to amend.

**DISCUSSION**

A.　　Standard of Review

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged violation was committed by a person acting under the color of state law. *See West v.*
5 *Atkins*, 487 U.S. 42, 48 (1988).

6 B.    <u>Legal Claims</u>

7     As an initial matter, to the extent that Plaintiff intended to bring a class action, the class
8 has failed to take even the initial step of filing a motion for the Court to certify this matter as a
9 class action, pursuant to Fed. R. Civ. P. 23. Moreover, the "class" consists of non-lawyer
10 inmates proceeding without counsel. *Pro se* prisoner plaintiffs are not adequate class
11 representatives able to fairly represent and adequately protect the interests of the class. *See*
12 *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*,
13 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to
14 represent anyone other than himself"). Therefore, this action will not be construed as a class
15 action.

16     It is difficult to discern exactly what Plaintiff is challenging. The general notion of the
17 complaint appears to challenge the constitutionality of the Three Strikes Law. Plaintiff names as
18 Defendants, the State of California as well as Governor Schwarzenegger. However, the Eleventh
19 Amendment serves as a jurisdictional bar to suits brought by private parties against a state or
20 state agency unless the state or the agency consents to such suit. *See Quern v. Jordan*, 440 U.S.
21 332 (1979); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case,
22 the State of California has not consented to suit. Accordingly, Plaintiff's claims against the State
23 of California must be dismissed.

24     In addition, Plaintiff makes only vague and conclusory claims, seeking declaratory relief
25 in the form of having the three strikes law declared unconstitutional. To the extent Plaintiff
26 seeks release from confinement and the nature of his claim is such that it would necessarily
27 imply the invalidity of his conviction or continuing confinement, he must bring a habeas petition.
28 *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

1 § 1983 must yield to the more specific federal habeas statute with its attendant
procedural and exhaustion requirements, where an inmate seeks injunctive
2 relief challenging the fact of his conviction or the duration of his sentence.
*See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Such claims fall within
3 the 'core' of habeas corpus and are thus not cognizable when brought
pursuant to § 1983. *Ibid.* By contrast constitutional claims that merely
4 challenge the conditions of a prisoner's confinement, whether the inmate
seeks monetary or injunctive relief, fall outside of that core and may be
5 brought pursuant to § 1983 in the first instance. *See Muhammad v. Close*, 540
U.S. 749 ----, 124 S.Ct. 1303, 1304 (2004) (per curiam); *Preiser*, *supra*, at
6 498-499.

7 *Nelson v. Campbell*, 541 U.S. 637 (2004).

8 Here, because the Court is unable to determine exactly how Plaintiff intends to proceed,

9 the complaint will be dismissed with leave to amend so that Plaintiff may either file an amended

10 civil rights complaint, or a habeas petition. If Plaintiff files an amended complaint, he must

11 demonstrate how the conditions complained of have resulted in a deprivation of his

12 constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint

13 must allege in specific terms how each named defendant is involved. There can be no liability

14 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

15 defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976).

16 Furthermore, vague and conclusory allegations of official participation in civil rights violations

17 are insufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

18 Should Plaintiff file a petition for writ of habeas corpus instead, he must set forth the

19 specific sentence or conviction he wishes to challenge and the grounds for his challenge. The

20 Clerk shall provide the appropriate forms for a civil rights action and for a habeas petition in this

21 district. Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be given

22 thirty days in which to file an amended complaint or a habeas petition.

## CONCLUSION

24 1. Plaintiff's complaint is DISMISSED with leave to amend.

25 2. Plaintiff shall file an AMENDED COMPLAINT or HABEAS PETITION within

26 **thirty days** from the date this order is filed to cure the deficiencies described above. The

27 amended complaint or habeas petition must include the caption and civil case number used in

28 this order (C 10-4278 LHK (PR)). Plaintiff may not incorporate material from the prior

1  complaint by reference.  **Failure to file an amended complaint or habeas petition within**
2  **thirty days and in accordance with this order will result in dismissal of this action.**  The
3  Clerk of the Court shall send Petitioner a blank civil rights form and blank habeas petition along
4  with his copy of this Order.

5        3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
6  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
7  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
8  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

10        4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
11  Court informed of any change of address by filing a separate paper with the Clerk headed
12  "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.
13  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
14  Federal Rule of Civil Procedure 41(b).

15        IT IS SO ORDERED.
16  DATED:  11/24/2010
                                              LUCY H. KOH
17                                                United States District Judge