1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  ZURI S.K. YOUNG,                           )    No. C 10-4278 LHK (PR)
                                               )
12           Plaintiff,                        )    ORDER OF DISMISSAL WITH
                                               )    LEAVE TO AMEND
13      v.                                     )
                                               )
14  STATE OF CALIFORNIA, et al.,               )
                                               )
15           Defendants.                       )
                                               )
16

17      Plaintiff, proceeding *pro se*, filed a pro se civil rights complaint pursuant to 42 U.S.C.
18  § 1983 challenging the constitutionality of California's Three Strikes Law.  On November 24,
19  2010, the Court dismissed Plaintiff's complaint with leave to amend, warning him that it
20  appeared that he was challenging the length of his confinement, which would be properly
21  addressed through a habeas petition.  However, the Court further advised him that if it misread
22  his complaint, he could also file an amended complaint, being careful to articulate his claims for
23  relief under section 1983.  Plaintiff responded, filing an amended complaint.  For the reasons
24  stated below, Plaintiff's complaint is DISMISSED with leave to amend.

25                              **DISCUSSION**

26  A.    <u>Standard of Review</u>

27      A federal court must conduct a preliminary screening in any case in which a prisoner
28  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Young278dis2.wpd

28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Although the Court already denied Plaintiff's request to commence this case as a class action and represent a class, Plaintiff filed a formal motion requesting certification as a class action. The prerequisites to maintenance of a class action are: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. *See* Fed. R. Civ. P. 23(a). Generally, pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted). In particular, pro se prisoner plaintiffs may not act as class representatives because they cannot fairly and adequately protect the interests of the class. *See id.* Here, Plaintiff is an incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners. Accordingly, the motion for class certification will be denied.

In his amended complaint, Plaintiff again argues that the Three Strikes Law violates

several federal constitutional amendments and requests both injunctive and declaratory relief. Notwithstanding the fact that most of the defendants named would be dismissed, the amended complaint suffers from other problems as well.[1]

Notwithstanding Plaintiff's assertion that he is not seeking release from confinement or invalidation of his continuing confinement, he states that he was sentenced to 25 years to life under the Three Strikes Law. (Amended Complaint at 8-9.) Thus, any declaration that the Three Strikes law was unconstitutional would necessarily shorten Plaintiff's sentence. Therefore, a habeas action is the proper vehicle. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). *Preiser* held that a suit which necessarily challenges the duration of an inmate's confinement must be brought under the federal habeas statute, 28 U.S.C. § 2254, and not under 42 U.S.C. § 1983. *See id.* at 487-88 ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.") "Even when prisoners only sought to shorten their sentences . . . such a challenge falls within the core of habeas corpus by attacking the very duration of their physical confinement itself." *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (internal quotation marks and citation omitted). Because Plaintiff's claim is a challenge that would implicate the legality of his sentence, it should be brought under section 2254. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A

---

[1] Plaintiff names as defendants: Former Governor Arnold Schwarzenegger, Former Governor Pete Wilson, "various members of Congress," the State of California, the 58 counties of California, and an undisclosed number of John and Jane Does. As the Court noted in its initial order of dismissal with leave to amend, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Further, defendants Schwarzenegger and Wilson, as former Governors, and "various members of Congress" are absolutely immune from civil liability for their legislative functions. *See Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998). This absolute immunity extends to federal, state and local legislators, *see id.* at 972; *Lake County Estates v. Tahoe Planning Agency*, 440 U.S. 391, 403 n.25 (1979) (federal legislators); *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) (state legislators), and protects them from injunctive as well as monetary relief, *see Supreme Court v. Consumers Union*, 446 U.S. 719, 731-34 (1980).

1 civil rights action, in contrast, is the proper method of challenging 'conditions of . . .
2 confinement.'") (citation omitted).

3      Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be given
4 thirty days in which to file a federal habeas petition.

## CONCLUSION

6     1.     Plaintiff's motion to proceed as a class action is DENIED. Plaintiff's complaint
7 is DISMISSED with leave to amend.

8     2.     Plaintiff shall file a HABEAS PETITION within **thirty days** from the date this
9 order is filed. The habeas petition must include the caption and civil case number used in this
10 order (C 10-4278 LHK (PR)). Plaintiff may not incorporate material from the prior complaint by
11 reference. **Failure to file a habeas petition within thirty days and in accordance with this**
12 **order will result in dismissal of this action.** The Clerk of the Court shall send Petitioner a
13 blank habeas petition along with his copy of this Order.

14     3.     It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
15 Court informed of any change of address by filing a separate paper with the Clerk headed
16 "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.
17 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
18 Federal Rule of Civil Procedure 41(b).

19     IT IS SO ORDERED.
20 DATED:   1/31/11

                                                                          LUCY H. KOH
21                                                                           United States District Judge